# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BARTLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2441** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS** | **SECTION "F" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is recommended that the instant petition for *habeas corpus* relief be

**DENIED** and the petition **DISMISSED WITH PREJUDICE.**

Procedural History

Petitioner, Michael Bartley, is a state prisoner currently incarcerated at the Allen Corrections Center in Kinder, Louisiana. On June 26, 2003, Bartley was found guilty after a one day jury trial of the crime of distributing cocaine within 1000 feet of the Ames Elementary School in Marrero, Louisiana, a violation of La. R.S. 40:981.3. On July 25, 2003, Bartley was sentenced to a term of 22 years and 6 months, with credit for time served and the first two years to be served without benefit of parole, probation or suspension of sentence. The state filed a multiple bill and a hearing was held on November 14, 2003, during which time Bartley stipulated that he was a second offender. The trial judge sentenced Bartley to a term of 22 years and 6 months without benefit of parole, probation or suspension of sentence.[1]

Petitioner appealed his conviction and sentence to the Louisiana Court of Appeal, Fifth Circuit on the following grounds: 1) the trial court erred in denying a defense motion to continue; 2) the trial court erred in denying a defense motion to quash; 3) petitioner was denied the effective assistance of counsel; 4) the state failed

---

[1] See State Rec. Vol. 1 of 3 for copies of the minute entry of trial, trial transcript, minute entry of initial sentencing, multiple bill, and transcript of the multiple offender proceedings all part of the state court record for Case No. 03-1596, 24th Judicial Court, Jefferson Parish, Louisiana (Judge Robert Pitre presiding).

to offer sufficient evidence that petitioner was guilty of the crime charged; 5) the trial court committed reversible error in allowing evidence gathered from a suggestive line-up identification to go to the jury and denying the defense motion to suppress identification; and, 6) a request for errors patent review. The conviction and sentence were affirmed on March 30, 2004 but the matter was remanded to the trial court for a correction to be made to the commitment order.[2] A subsequent request for a *writ of certiorari* from the Louisiana Supreme Court was denied on October 1, 2004.[3]

On or about April 17, 2006, petitioner filed an application for post-conviction relief (PCR) with the state trial court.[4] Therein, petitioner raised the claims that his attorney's representation was ineffective, the state failed to disclose favorable evidence and he was denied the right to appeal and/or his appellate rights were compromised due to the errors incurred in the trial court and the state's failure to disclose information to the defense. The trial court denied the motion on May 5, 2006, finding the claims raised to be repetitive and res judicata of the claims raised on direct

---

[2]See State Rec. Vol. 2 of 3 for a copy of the appeal decision in *State v. Bartley*, 871 So.2d 563 (La. Ct. App. 5, 3/30/04).

[3]See State Rec. Vol. 2 or 3 for a copy of the Louisiana Supreme Court decision in *State v. Bartley*, 883 So. 2d 1006 (La. 2004).

[4]See State Rec. Vol. 2 of 3 for a copy of this application.

appeal.[5] Petitioner did not seek further review of this ruling in the state courts.

On or about April 12, 2006, Bartley filed his federal application for habeas relief.[6] Therein, Bartley raises three claims; ineffective assistance of counsel, the state failed to disclose evidence favorable to the defense, and, that his right to appeal was

---

[5] See State Rec. Vol. 2 of 3 for a copy of the PCR application and the trial court's ruling.

[6] The United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, thus a petition is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's federal application was stamp dated as filed on May 16, 2006. See Fed. Rec. Doc. 1-2. However, the exact date on which he placed his petition in the prison mail system is not known. In his November 16, 2006 response filed with this court, petitioner conceded that he attempted to file his federal habeas on February 20, 2006 (the date placed near Bartley's signature on the petition) but he instead filed it with the wrong court (specifically the Louisiana Court of Appeal, Fourth Circuit). After receiving the application back unfiled, he corrected the address and, according to petitioner, re-mailed it *to the same court* on April 3, 2006. The application was again returned to him by the state court unfiled. *See* p. 2 of Fed. Doc. 8. Petitioner reports that he next filed the petition, "on retaining the address for the 24th Judicial District Court", with *that* state court rather than with this federal court, and received a response indicating the petition had been "filed" in the state court. *See* p. 2 of Fed. Doc. 8. No further explanation of his federal habeas filing is given to the court by petitioner. However, the federal petition that was actually sent to this court was sent in a mailing envelope post-marked on April 12, 2006 and said mailing was received by the court on April 17, 2006. According to the log kept by this court's *pro se* unit, petitioner's first attempt to file his application was deficient as petitioner had improperly captioned his pleading. A notice of deficiency letter was then sent to petitioner on April 18, 2006 and the petition was returned to the court in an envelope postmarked on May 2, 2006. Review of these documents show that petitioner had tendered the application to prison officials for certification of his inmate balance ("Statement of Account") on April 26, 2006 and the "Statement of Account" was certified on May 1, 2006. Although there are earlier dates listed on his initial federal petition due to petitioner's prior incorrect filings, the earliest date when petitioner could have sent his federal petition *to this court*, based upon his own claims made in Fed. Rec. Doc. 8, would be sometime after April 3rd, 2006, subsequent to his petition being returned to him by the state court. For lack of a better date, the court uses the initial post-mark mailing date of his federal petition, April 12, 2006, as petitioner's federal filing date.

compromised and/or denied due to the errors incurred in the trial court and the state's failure to disclose information to the defense. The state filed a response claiming that petitioner's federal application was time-barred pursuant to 28 U.S.C. Section 2244(d)(1) and (2). Petitioner responded, arguing that circumstances arose as a result of Hurricane Katrina which entitled him to equitable tolling.[7] The State was therefore ordered to file a response to Bartley's request for equitable tolling. On September 12, 2008, the State filed a supplemental response addressing the merits of petitioner's claims and asserting that the claims should be denied by this court.[8] Despite the court's order, the State did not address the request for equitable tolling in its response. The State did not specifically waive the time-bar defense, however. Moreover, the issue of timeliness may be raised by the federal habeas court *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999). Petitioner filed a traverse to the State's response on October 14, 2008.[9]

## Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[7] See Fed. Rec. Docs. 7 and 8.

[8] See Fed. Rec. Doc. 25.

[9] See Fed. Rec. Doc. 26.

generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10] When a habeas petitioner has pursued relief on direct appeal through the state's highest court, a conviction becomes final when the time expires for a defendant to seek certiorari at the United States Supreme Court, i.e., ninety days after the decision of the Louisiana Supreme Court on direct appeal is final. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Johnson v. Cain*, 2000 WL 14688, *1 (E.D.La. 2000); *Ott v. Johnson*, 192 F.3d 510, 511 (5th Cir. 1999).

On October 1, 2004, the Louisiana Supreme Court denied petitioner's request for a writ of certiorari. Petitioner then had ninety days to seek review with the U.S. Supreme Court but failed to do so. Accordingly, the one year statute of limitations began to run on December 30, 2004 and expired on December 30, 2005, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time

---

[10]Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no state court filings whatsoever pending before the state courts at any time during the period of December 30, 2004 through December 30, 2005, and therefore is not entitled to having the limitations period statutorily tolled during this time period.[11]

The timing of the deadline for filing this petition presents yet another tolling issue. On August 29, 2005, the Greater New Orleans area sustained devastating damage as a result of Hurricane Katrina's storm surge and the resulting levee breaches and flooding. Due to Hurricane Katrina and its aftermath, on September 1, 2005, then-Chief Judge of the United States District Court for the Eastern District of Louisiana, Helen G. Berrigan, issued an order "that all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Court, are hereby suspended until ordered otherwise." On November 3, 2005, Chief

---

[11] Although petitioner subsequently filed a state post-conviction application on April 17, 2006, that application has no bearing on the timeliness of his federal application because it was filed after the statute of limitations had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Judge Berrigan ordered that the suspension was "terminated effective November 25, 2005 except for good cause shown as determined by the presiding judge." *See Mark v. Michael*, 2008 WL 4365929, *2 (E.D.La. 9/23/08).

The issue of the suspension of a statute of limitations due to Hurricane Katrina as applied to petitions for federal habeas relief was addressed in *Mark v. Michael*. The magistrate judge in that case concluded "out of an abundance of caution, [] that the limitations period was arguably suspended" and that the petitioner was entitled to the application of that period of suspension to his case.[12] *Id.,* *2 (citations omitted). The district judge entered an order approving the magistrate judge's Report and Recommendation, and adopting it as his own opinion on September 23, 2008. *Id.,* *1. This Court agrees with *Mark*, and finds it appropriate to suspend the limitations period applicable to Bartley's federal habeas petition for the 86 days between September 1, 2005 and November 25, 2005 when deadlines were suspended. Accordingly, Bartley's limitations period was arguably extended, without consideration of possible entitlement to equitable tolling, until March 26, 2006.

The court next considers whether petitioner is entitled to equitable tolling for the time period from March 26, 2006 until the filing of petitioner's federal habeas

---

[12]Petitioner Mark's petition was still untimely, even after receiving the benefit of the period of suspension of the limitation period. *Id.*, *3.

application on April 12, 2006. The United States Fifth Circuit Court of Appeals has held that, in rare and exceptional circumstances, the AEDPA's statute of limitations can be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). The United States Fifth Circuit Court of Appeals has held, for example, that equitable tolling may be warranted where an attorney *intentionally deceives* his client into believing that a timely application has been filed on his behalf when it has not. *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (involving a § 2255 application); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("An attorney's *intentional deceit* could warrant equitable tolling ....") (emphasis added). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In claiming that he is entitled to equitable tolling, petitioner argues that he hired an attorney, A. F. "Sonny" Armond, Jr. to represent him for his "legal defense" as of March 10, 2005 and presumably to file a federal habeas application on his behalf.[13]

---

[13]Although the filing of a federal habeas petition is not specifically discussed in the letters between Attorney Armond and the relatives of petitioner who hired Attorney Armond to represent

9

According to the documents submitted in support of petitioner's claim for equitable tolling, Attorney Armond planned to file post-conviction pleadings on Bartley's behalf but did not do so before Hurricane Katrina hit the New Orleans area. Attorney Armond notified petitioner Bartley on or about January 19, 2006 that he would be unable to file any post-conviction matters on Bartley's behalf due to the destruction of Attorney Armond's law office and office equipment which occurred as a result of Hurricane Katrina.[14]

Petitioner's statute of limitations was therefore due to expire as of March 26, 2006. He was notified on January 19, 2006 that the Attorney had not filed any post-conviction matters on his behalf and would be unable to do so. The issue thus becomes whether Bartley should be excused from waiting until April 12, 2006, nearly three months after receiving notice that his federal petition had not been filed, to file his federal petition. This court finds that his delay should not be excused.

As previously explained, the United States Fifth Circuit Court of Appeals has held that equitable tolling may be warranted where an attorney *intentionally deceives* his client into believing that a timely application has been filed on his behalf when it

---

petitioner, Armond's letter of January 19, 2006 specifically advises petitioner to file his writ of habeas corpus in federal court "at the earliest possible time."

[14]See copy of January 19, 2006 letter from Attorney Armond, Fed. Rec. Doc. 17-2.

10

has not. *See Wynn*, 292 F.3d 226 and *United Riggs*, 314 F.3d at 799. The instant case, however, involves no such intentional deceit. Armond never misrepresented to petitioner that he had already filed any post-conviction applications nor that he would do so; rather, in the letter which petitioner has provided to the court, it is made clear that Attorney Armond would not be pursuing any form of post-conviction relief on petitioner's behalf.[15]

Moreover, even if the Court found that petitioner's untimely application was affected by his lawyer's delay, Attorney Armond was at most guilty of error or neglect. In *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals stated:

> Many courts have considered the question whether attorney error constitutes "rare and exceptional circumstances" and have held that it does not. [FN4] Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

---

[15]Petitioner obviously was capable of filing a post-conviction pleading at this time since he, in fact, did file a PCR with the state courts on or about April 17, 2006. While the court would normally be willing to toll the limitations period for the pendency of the state PCR, in this case it was filed too late as the limitations period (extended by the Order of the Honorable Ginger Berrigan) expired on March 26, 2006.

> [FN4] *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that the death of the attorney's father two weeks before filing deadline did not constitute extraordinary circumstance for equitable tolling purposes); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that attorney's confusion over applicability of § 2244(d)(1) did not justify equitable tolling), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding that attorney's mistaken interpretation of § 2244(d) limitation provision did not justify equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's miscalculation of limitations period was not valid basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (holding that untimeliness resulting from attorney's use of ordinary mail did not justify equitable tolling).

*Cousin*, 310 F.3d at 848 & n. 4. The Fifth Circuit then held: "[W]e join the other circuits that have considered this issue and hold that mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id*. at 849. In a subsequent case, the Fifth Circuit noted: "If there was ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin* ... erased it ...." *Riggs*, 314 F.3d at 799. The Court concisely stated:

"Ineffective assistance of counsel is *irrelevant* to the tolling decision." *Id.* (emphasis added). While error or neglect may warrant professional discipline of the attorney, it simply does not justify equitable tolling of the AEDPA's statute of limitations. *Id.*

Moreover, the United States Supreme Court recently conclusively resolved this issue in *Lawrence v. Florida*, 127 S.Ct. 1079 (2007). In that case, in which the petitioner had been sentenced to death, the Supreme Court rejected a bid for equitable tolling, holding:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

*Id.* at 1085.

In light of the foregoing, the undersigned finds that petitioner cannot be granted equitable tolling based on Attorney Armond 's failure to file post-conviction proceedings.

The court also is aware that petitioner claims that he attempted to file his federal habeas application on or about February 20, 2006 but instead filed a petition with the

wrong court on two or three occasions.[16] The court finds, however, that such a situation does not warrant equitable tolling.

The U.S. Fifth Circuit has said that although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court should ordinarily "draw on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). This court is mindful of the general principle that equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810-11 (citation and internal quotation marks omitted). To that end, the U.S. Fifth Circuit has generally required a showing that the plaintiff was "actively misled by the defendant about the cause of action or was prevented in some extraordinary way from asserting his rights." *Coleman,* 184 F.3d at 402. As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

In this case, the court concludes that equitable tolling is *not* appropriate because Bartley's failure to immediately file his habeas petition in federal court upon learning

---

[16]See footnote 6 herein for a full discussion of petitioner's erroneous filings.

14

that his attorney had not is attributable solely to his own repeated misfiling of the petition in the state court rather than in the appropriate federal court. In other words, Bartley's ignorance of the law, specifically the procedures for filing, has caused his downfall. There is no evidence to show that the state prevented him from filing his federal petition or that he was deceived in any way by either court or attorney with regard to the appropriate forum in which to file.[17] Without such a showing, this court must find his federal habeas application untimely filed.

Since petitioner is entitled to neither statutory nor equitable tolling[18], his federal application for *habeas corpus* relief had to be filed on or before March 26, 2006, in order to be timely. Petitioner's federal application was not filed until April 12, 2006,

---

[17] A case from the U.S. Court of Appeals, 11th Circuit, is instructive. In *Spotville v. Terry*, 476 F.3d 1241 (11th Cir. 2007), the petitioner argued that he had sent his application for a certificate of probable cause to the wrong court in reliance on the misleading instructions given to him by the state habeas court. Spotville's first notice that he had been misled came when the Supreme Court of Georgia dismissed his appeal. By then, it was too late for Spotville to cure his error and timely file his federal petition. The *Spotville* court was willing to equitably toll the limitations period where the petitioner's error in misfiling the application was due to a "misleading" written court instruction. In granting equitable tolling for the time period when the misfiled application was pending in the state court, the *Spotville* court stated, "It is unreasonable to expect a *pro se* litigant to second-guess or disregard an instruction in a written order of a court."485 F.3d 1245.

In the instant case, Bartley makes no showing that he was misled or relied upon erroneous information from the court or his lawyer, thus equitable tolling does not lie.

[18] Petitioner was given credit for the suspension of the limitations period as ordered by Judge Berrigan due to Hurricane Katrina, however.

and it is therefore time-barred from federal habeas review.

Accordingly,

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the federal habeas petition of Michael Bartley be DENIED WITH PREJUDICE as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of June, 2009.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE